UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
UNITED STATES OF AMERICA                                         :
                                                                 :
                                                                 :
       - against -                                               :    No. 10-cr-391 (CM)
                                                                 :
NAQUAN GAYLE,                                                    :
                                                                 :
                         Defendant.                              :
                                                                 :
-----------------------------------------------------------------x
                                                                 :
NAQUAN GAYLE,                                                    :
                                                                 :
                         Petitioner,                             :
                                                                 :    No. 11-cv-7101 (CM)
       - against -                                               :
                                                                 :
UNITED STATES OF AMERICA,                                        :
                                                                 :
                         Respondent.                             :
                                                                 :
-----------------------------------------------------------------x

### NAQUAN GAYLE'S OPPOSITION
### TO THE GOVERNMENT'S MOTION
### TO RECONSIDER ORDER TO SHOW CAUSE

FRIEDMAN KAPLAN SEILER &
 ADELMAN LLP

Mary E. Mulligan
Alexander D. Levi
Emily L. Chang
7 Times Square
New York, NY  10036-6516
(212) 833-1100

May 23, 2013                                     *Attorneys for Defendant Naquan Gayle*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

BACKGROUND .................................................................................................................. 2

    Mr. Gayle's Personal History and the Indictment ............................................. 2

    Congress Enacts the FSA and Mr. Gayle is Sentenced ...................................... 3

    After Sentencing, the Guidelines Applicable to Mr. Gayle are Lowered ........... 5

ARGUMENT ........................................................................................................................ 6

I.    THE GOVERNMENT HAS FAILED TO ESTABLISH
      THAT THE APRIL 29 ORDER IS PREMISED ON A MISTAKE OF FACT .................. 6

II.   A REDUCTION IN MR. GAYLE'S SENTENCE IS CONSISTENT
      WITH THE SENTENCING COMMISSION'S APPLICABLE POLICY
      STATEMENTS ................................................................................................. 10

    A.    The Reduction Will Satisfy the Requirements of Guideline §1B1.10(a) .............. 10

    B.    The Reduction Will Satisfy the Requirements of Guideline §1B1.10(b) .............. 12

CONCLUSION ................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Dorsey v. United States*
    132 S. Ct. 2321 (2012) ...................................................................................................1, 5

*United States v. Bennett*,
    Nos. 3:10 Cr. 84, 3:12 Cv. 524, 2013 WL 170333 (W.D.N.C. Jan. 16, 2013) ........................10

*United States v. Davis*,
    No. 09 Cr. 765 (RMB), 2013 WL 1793954 (S.D.N.Y. Apr. 24, 2013) ...................................10

*United States v. Floore*,
    No. 09 Cr. 30191 (DRH), 2012 WL 3765132 (S.D. Ill. Aug. 30, 2012) ................................10

*United States v. Highsmith*,
    688 F.3d 74 (2d Cir. 2012) ..............................................................................................8

*United States v. Myles*,
    492 F. App'x 946 (11th Cir. 2012) ....................................................................................8

*United States v. Passmore*,
    No. 12-5054, 2012 WL 5278583 (6th Cir. Oct. 25, 2012) ......................................................10

*United States v. Williams*,
    490 F. App'x 296 (11th Cir. 2012) ....................................................................................8

*United States v. Yates*, Cr. No. 10-073-KD, 2012 WL 3206689 (S.D. Ala. Aug. 8, 2012) ...........10

**STATUTES**

18 U.S.C. § 2255 ........................................................................................................2, 6, 13

18 U.S.C. § 3582(c)(2) .................................................................................................. passim

28 U.S.C. § 994(o) ................................................................................................................7

Pub. L. 111-220 ....................................................................................................................1

U.S.S.G. App. C, Amendment 748 (effective Nov. 1, 2010) ..........................................3, 5, 7, 8

U.S.S.G. App. C, Amendment 750 (effective Nov. 1, 2011) .........................................................5

U.S.S.G. § 1B1.10 ........................................................................................................ passim

U.S.S.G. § 5G1.1(b) ..................................................................................................... passim

U.S.S.G. § 2D1.1 ......................................................................................................... passim

Defendant Naquan Gayle, by his attorneys, submits this memorandum of law in opposition to the Government's motion for the Court to reconsider its April 29, 2013 Order to Show Cause Why the Court Should Not, On Its Own Motion, Correct [Defendant's] Sentence[] Pursuant to 18 U.S.C. § 3582(c)(2) (the "April 29 Order").

## PRELIMINARY STATEMENT

Naquan Gayle is living a story that no one in this nation should ever have to tell. From his birth in the impoverished and crime-ridden city of Newburgh, New York, through his childhood, during which both of his parents were imprisoned for drug offenses, Mr. Gayle's situation has steadily deteriorated. He is currently incarcerated at FCI Schuylkill, serving a ten-year sentence based on a mandatory minimum that was in force prior to the enactment of the Fair Sentencing Act, Pub. L. 111-220 (the "FSA"). Notably, Mr. Gayle was sentenced *after* the FSA took effect. But, under the apparent authority of Second Circuit precedent at the time, the Court determined (at the Government's urging) that the pre-FSA minimum should apply because Mr. Gayle's offense conduct predated the FSA. Accordingly, the Court sentenced Mr. Gayle to ten years' imprisonment pursuant to Guideline § 5G1.1(b), which establishes the "statutorily required minimum" as the Guideline sentence when that minimum exceeds the maximum of the otherwise-applicable Guidelines range.

Almost one year later, the Guidelines range applicable to Mr. Gayle was lowered when the Supreme Court held in *Dorsey v. United States* that the FSA's minimum sentences apply to all defendants sentenced after the FSA was enacted, regardless of when the underlying offense conduct occurred. *Dorsey* made clear that the ten-year sentence Mr. Gayle is currently serving is *incorrect*. Indeed, Mr. Gayle is now subject to a lower Guidelines range established by permanent amendments to the Sentencing Guidelines that went into effect on November 1, 2011, *months after Mr. Gayle was sentenced*. Notwithstanding these facts, the Government

repeatedly frustrated Mr. Gayle's efforts correct his sentence in light of *Dorsey* and the new Guidelines by moving to dismiss Mr. Gayle's appeal and motion under 18 U.S.C. § 2255.

In recognition that the law and fundamental notions of justice require Mr. Gayle's sentence to be corrected and lowered, the April 29 Order required the Government to show cause why Mr. Gayle should not be resentenced under 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)") to a corrected term of imprisonment. Before responding under the terms of the April 29 Order, however, the Government filed the instant motion for reconsideration of that order. In sum, the Government quibbles that Section 3582(c)(2) does not authorize the Court to resentence Mr. Gayle because he was sentenced pursuant to a statutory minimum and the Guidelines were lowered prior to his sentencing. The Government's arguments are patently false, however; Mr. Gayle's Guidelines range was lowered nearly a year after he was sentenced. Accordingly, the Government's motion should be denied in favor of the imposition of a just sentence.

## BACKGROUND

### Mr. Gayle's Personal History and the Indictment

The earliest chapters of Mr. Gayle's life story begin with a drug-addled upbringing amid impoverished circumstances. They describe a childhood robbed of security, comfort, and stability—one in which the concept of "home" was theoretical, a constantly moving target as Mr. Gayle bounced from the care of relative to relative. Tragically, Mr. Gayle's family introduced him to drugs when he was a child and raised him on the streets.

Subsequent chapters of his story reveal Mr. Gayle's early addictions to a dangerous trifecta: marijuana, alcohol, and gambling. Sadly, but unsurprisingly, Mr. Gayle's involvement in minor, street-level drug offenses soon entered the picture. By the age of 19, Mr. Gayle was convicted of a charge involving 12 glassine envelopes containing heroin. At 20, he

was sentenced to 42 months' imprisonment for selling .19 grams of crack to a confidential informant.

Based largely on his previous crack conviction—for which Mr. Gayle already served a lengthy state prison sentence—the Government indicted him on May 5, 2010 as part of a sixty-defendant action, charging him with conspiracy to distribute or possess with intent to distribute 50 grams and more of crack. At the time of Mr. Gayle's offense, a mandatory minimum term of 120 months' imprisonment applied to such conduct. The Government brashly alleged that a large number of the defendants in this case were members of the Bloods who had committed heinous crimes of violence—allegations that Mr. Gayle vigorously contested in a motion to dismiss and pretrial motions. Nevertheless, facing a weighty prison sentence under which he would be incarcerated into his forties, Mr. Gayle pled guilty to the conspiracy charge against him before those motions were decided. As the case continued to unfold, the Government conceded that Mr. Gayle and most of his codefendants were not in fact members of the Bloods.

**Congress Enacts the FSA and Mr. Gayle is Sentenced**

On August 3, 2010, the FSA took effect, halving the mandatory minimum applicable to Mr. Gayle's offense conduct. Section 8 of the FSA directed the United States Sentencing Commission to promulgate within 90 days a temporary, emergency amendment to adjust the Guidelines in a manner that would achieve consistency with the new mandatory minimums set forth in the FSA. Pursuant to that directive, the Sentencing Commission promulgated Amendment 748 (effective November 1, 2010 to November 1, 2011) to temporarily reduce the offense levels in Guideline § 2D1.1(c) for crack cocaine offenses.

As of July 5, 2011, the date on which Mr. Gayle was sentenced, it remained unclear whether Congress intended for the FSA's lower mandatory minimums to apply

3

retroactively to offense conduct that occurred before the FSA took effect.  At sentencing, Mr. Gayle argued that the Court should apply the new, more lenient mandatory minimum set forth in the FSA, and cited supporting precedent from other circuits.  The Government insisted, however, that the FSA did not apply to Mr. Gayle because his crime predated the FSA's effective date.

In view of the Court's understanding of Second Circuit precedent concerning the retroactivity of the FSA, Your Honor reluctantly determined that the pre-FSA mandatory minimum applied to Mr. Gayle.  Accordingly, pursuant to Guideline § 5G1.1(b), the Court sentenced Mr. Gayle to 120 months' imprisonment, with an adjustment for time Mr. Gayle had already served for his related state offense.[1]  Apparently sensing the impending sea change, however, the Court observed:

> Obviously I feel constrained to follow what I understand to be Second Circuit precedent on the retroactivity of the fairness in the Fair Sentencing Act or, as I call it, the Unfair Sentencing Act for people like Mr. Gayle, and I understand that there have been some congressional hearings on this recently; that the Eleventh Circuit has joined the First Circuit, although that has now been en banc'd very rapidly so how long that stays on the books is anybody's guess, but if Congress or the United States Supreme Court, either one of them, causes the Second Circuit to revisit its conclusion rest assured that we will see each other and appropriate adjustments will be made.

(7/5/2011 Sentencing Tr. at 6:17-7:3.)

Ironically, the folly of the Government's position at sentencing was revealed just ten days later, when the U.S. Attorney General officially directed all prosecutors to support the

---

[1] Guideline § 5G1.1(b) states: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."  U.S.S.G. § 5G1.1(b) (2010).

4

retroactive application of the FSA to all defendants who, like Mr. Gayle, were sentenced after the FSA was enacted.[2]

**After Sentencing, the Guidelines Applicable to Mr. Gayle are Lowered**

On November 1, 2011—approximately four months after Mr. Gayle was sentenced—Amendment 748, which had temporarily reduced the offense levels in Guideline § 2D1.1(c) for crack cocaine offenses, expired. *See* U.S.S.G. App. C, Amendment 748 (effective Nov. 1, 2010). That same day, the Sentencing Commission promulgated Amendments 750 and 759 pursuant to 28 U.S.C. § 994(o). Amendment 750 made permanent the temporary offense level reductions for crack cocaine offenses set forth in the expired Amendment 748. *See* U.S.S.G. App. C, Amendment 750 (effective Nov. 1, 2011). Amendment 759 gave Amendment 750 retroactive effect. *See* U.S.S.G. § 1B1.10(c).

Moreover, on June 21, 2012, the Supreme Court issued its landmark opinion in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), which effectively lowered the Guidelines range applicable to Mr. Gayle. In that case, the Supreme Court held that the FSA's mandatory minimum provisions apply to all defendants sentenced after the FSA's enactment, including those who had committed drug offenses prior to such date. In light of *Dorsey*, Mr. Gayle's new Guidelines range is no longer dictated by a ten-year mandatory minimum; he is subject only to a five-year minimum sentence.

Notwithstanding the Supreme Court's holding in *Dorsey*, the Government has put Mr. Gayle through a gauntlet of legal obstacles in its fanatical effort to stymie the application *of the correct statutory provisions*. For instance, the Government enforced appellate and collateral attack waivers contained in Mr. Gayle's plea agreement in order to dismiss his appeal and

---

[2] A copy of the Memorandum for All Federal Prosecutors issued by Attorney General Eric H. Holder, Jr. on July 15, 2011 is attached as Exhibit A to the Declaration of Mary Mulligan.

5

motion to correct his sentence under 18 U.S.C. § 2255. Interestingly, the Government's decision to enforce these provisions against Mr. Gayle is completely incongruous with its waiver of such clauses in numerous other cases.[3] And through the instant motion, the Government once again seeks to deny Mr. Gayle a fair sentence. It is time to turn the page in Mr. Gayle's story, and introduce into his life the elements of redemption, fairness, and justice that everyone in this nation deserves.

## ARGUMENT

### I.

### THE GOVERNMENT HAS FAILED TO ESTABLISH THAT THE APRIL 29 ORDER IS PREMISED ON A MISTAKE OF FACT

The Government argues that the April 29 Order "is premised on a mistake of fact: that the . . . Sentencing Commission lowered the applicable sentencing ranges for the Defendants *subsequent* to this Court's imposition of sentences on each of the defendants." (Govt. Mem. at 2.) Therefore, the Government insists, the Court cannot lower Mr. Gayle's sentence through Section 3582(c)(2). However, a simple reading of the statute reveals that Government's contentions are meritless.

Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[3] The Government has never attempted to offer a cogent reason to enforce a waiver provision in one case and waive it in others.

Under the plain language of the statute, a Court is entitled to modify a defendant's term of imprisonment where, as here, two conditions are met: (1) the defendant was sentenced to a term of imprisonment based on a sentencing range that the Sentencing Commission subsequently lowered pursuant to 28 U.S.C. § 994(o); and (2) the Sentencing Commission's reduction is consistent with "applicable policy statements" set forth in Guideline § 1B1.10. *See* 18 U.S.C. § 3582(c)(2). The Government concedes that a reduction in Mr. Gayle's case comports with applicable policy statements, but nevertheless urges that the first condition is not satisfied.

Specifically, the Government correctly observes that Mr. Gayle "was sentenced after the implementation of the 'newly crafted emergency guidelines' on November 1, 2010," but wrongly concludes that he must have been "sentenced in accordance with" those Guidelines, and that such Guidelines were not subsequently reduced after Mr. Gayle's sentencing. (*Id.* at 8.) In fact, the Court sentenced Mr. Gayle in accordance with the pre-FSA statutory minimum pursuant to Guideline § 5G1.1(b), which provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Because the statutorily required minimum sentence of 120 months exceeded the otherwise-applicable Guideline range of 84-105 months (as set forth in the "newly crafted emergency guidelines" of Guideline § 2D1.1, as temporarily amended by Amendment 748), 120 months constituted the Guidelines "range" that governed Mr. Gayle's sentence.

On November 1, 2011, four months after Mr. Gayle was sentenced, Amendment 748 expired and the Sentencing Commission adopted Amendments 750 and 759, which made permanent and retroactive the "emergency guidelines" previously established by Amendment 748. Seven months later, in June 2012, the Supreme Court made clear through *Dorsey* that

7

Mr. Gayle should have been sentenced according to the mandatory minimums set forth in the FSA.[4]  In particular, *Dorsey* reduced Mr. Gayle's minimum sentence to five years, which is lower than the 84-105 months that apply to Mr. Gayle (according to the Government).

Consequently, although Guideline § 5G1.1(b) governed Mr. Gayle's sentence at the time of his sentencing, in light of *Dorsey*, Guideline § 5G1.1(b) no longer applies.  Rather, the applicable Guideline is found in § 2D1.1 (2012)—which reflects the FSA's reduced offense levels pursuant to Amendments 750 and 759.  Because Guideline § 2D1.1 was expressly amended and lowered *after* Mr. Gayle's sentence was imposed, he is entitled to a sentencing reduction under Section 3582(c)(2).

The Government attempts to downplay the impact of Amendment 750 by claiming that it "did not revise (much less lower) the applicable Guidelines at all; rather, it simply repromulgated the very same Guidelines that were, in fact, utilized at [Mr. Gayle's] sentencing proceeding[]." (Govt. Mem. at 9.)  To the contrary, however, the effect of Amendment 750 on the applicable Guidelines was significant.  The version of Guideline § 2D1.1 in effect at the time of Mr. Gayle's sentencing was only *temporarily* amended by Amendment 748.  Therefore, in the absence of any further act of the Sentencing Commission, the temporarily amended terms of Guideline § 2D1.1 would have reverted to their earlier provisions upon the expiration of Amendment 748 on November 11, 2011.[5]  By enacting Amendments 750 and 759

---

[4] As this Court has previously recognized, *Dorsey* requires that Mr. Gayle be resentenced.  Indeed, there is universal agreement that Mr. Gayle's sentenced is incorrect and must be modified.  The Second Circuit's ruling in *United States v. Highsmith*, 688 F.3d 74 (2d Cir. 2012), is instructive.  In *Highsmith*, as in *Dorsey* (and as here), the defendant was sentenced after a guilty plea to a mandatory minimum of 120 months after the FSA was enacted, for a crack offense that occurred before the FSA went into effect.  *Id*. at 76.  On appeal, the Second Circuit agreed with defendant that "*Dorsey* required the vacatur of his sentence and remand for resentencing" in accordance with that opinion.  *Id*. at 76.  *See also United States v. Myles*, 492 F. App'x 946, 947 n.1 (11th Cir. 2012) (finding that *Dorsey* "requires . . . resentencing" of defendant who was sentenced in accordance with pre-FSA mandatory minimums after FSA took effect); *United States v. Williams*, 490 F. App'x 296, 296 (11th Cir. 2012) (same).

[5] Therefore, in the absence of any further action by the Sentencing Commission, Mr. Gayle's Guidelines range would now be 100-125 months.

pursuant to 28 U.S.C. § 994(o), however, the Sentencing Commission permanently and retroactively lowered the Guidelines range applicable to Mr. Gayle in light of *Dorsey*.

In any event, Mr. Gayle was initially sentenced pursuant to a Guidelines range of 120 months pursuant to Guideline § 5G1.1(b), not Guideline § 2D1.1.  It is only now, post-*Dorsey*, that Mr. Gayle must be sentenced pursuant to the reduced sentencing range set forth in Guideline § 2D1.1, as amended by Amendments 750 and 759.

The Government also conclusorily argues that "[b]y the plain terms of Section 3582(c)(2), . . . [*Dorsey*] – which had to do with the application of the relevant sentencing statute, not a reduction of the Guidelines by the Commission – does not implicate Section 3582(c)(2)." (Govt. Mem. at 9.)  This contention ignores the inescapable interplay and interdependence of the Guidelines and the FSA.

The Guidelines are not a closed system.  They are self-referencing, but not entirely so.  Indeed, as evidenced by the FSA's directive that the Sentencing Commission promulgate an emergency amendment to bring the Guidelines in compliance with the FSA's revised punishment regime, the Guidelines and certain statutes are in partnership with one another.  When one changes, the other must often adjust as well.

Of particular relevance here, Guideline § 5G1.1(b)—by its very terms—depends on the mandatory minimums presently in effect.  Before the FSA was enacted, Guideline § 5G1.1(b) established a 120-month guideline for defendants such as Mr. Gayle.  Because of *Dorsey*, however, Guideline § 5G1.1(b) now refers to a 60-month mandatory minimum.  There is no longer any basis for the 120-month sentence Mr. Gayle is serving, and *Dorsey* requires the Court to revisit, reanalyze, and refashion an appropriate sentence for Mr. Gayle.

9

The government cannot dispute that in light of the fact that Guideline § 5G1.1(b) now references a ***60-month*** mandatory minimum, that Guideline is no longer determinative of Mr. Gayle's sentence.  Instead, Guideline § 2D1.1 governs the inquiry.  The current version of Guideline § 2D1.1 (together with the relevant reductions applied for Mr. Gayle's acceptance of responsibility) provides for a guideline range of 84-105 months for the underlying offense conduct.  Accordingly, a resentencing under Section 3582(c)(2) is both appropriate and would advance the interests of justice.[6]

## II.

### A REDUCTION IN MR. GAYLE'S SENTENCE IS CONSISTENT WITH THE SENTENCING COMMISSION'S APPLICABLE POLICY STATEMENTS

Section 3582(c)(2) authorizes a sentence reduction only if such reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  Such policy statements are set forth in Guideline § 1B1.10.  As set forth below, the Court's anticipated reduction will indeed be consistent with these policy statements.

**A.    The Reduction Will Satisfy the Requirements of Guideline §1B1.10(a)**

Guideline § 1B1.10(a) is essentially a restatement of Section 3582(c)(2), again highlighting the fact that the Guidelines and statutes are often cross-referencing and interdependent.  Guideline § 1B.10(a)(1)-(2) states[7]:

> (1)    <u>In General.</u> – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to

---

[6] The Government principally relies on *United States v. Passmore*, No. 12-5054, 2012 WL 5278583 (6th Cir. Oct. 25, 2012); *United States v. Davis*, No. 09 Cr. 765 (RMB), 2013 WL 1793954 (S.D.N.Y. Apr. 24, 2013); *United States v. Bennett*, Nos. 3:10 Cr. 84, 3:12 Cv. 524, 2013 WL 170333 (W.D.N.C. Jan. 16, 2013); and *United States v. Floore*, No. 09 Cr. 30191 (DRH), 2012 WL 3765132 (S.D. Ill. Aug. 30, 2012) for the proposition that Section 3582(c)(2) applies only to changes in the Guidelines, not changes to statutory minimums. (Govt. Mem. at 11-12.)  In addition to the fact that such a position ignores the Guidelines provisions that cross-reference statutory minimums, none of these cases address the impact of Amendments 750 and 759 on Section 3582(c)(2). In addition, the other case upon which the Government relies, *United States v. Yates*, Cr. No. 10-073-KD, 2012 WL 3206689 (S.D. Ala. Aug. 8, 2012), does not address the fact that the imposition of a statutory minimum constitutes a sentence imposed pursuant to Guideline § 5G1.1(b).  Therefore, the cases the Government cites are distinguishable.

[7] Guideline § 1B.10(a)(3) is not discussed herein because it concerns issues that are undisputed by the parties.

> that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions.</u>  A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> > (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> >
> > (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(1)-(2) (2012).  In other words, a Court is authorized to resentence a defendant in a manner consistent with the Sentencing Commission's policy statement where: (1) the Guidelines range applicable to the defendant was lowered at some point after his sentencing; (2) the Guidelines range was lowered due to an amendment listed in Guideline § 1B1.10(c); and (3) and the reduction is consistent with the policy statement set forth in Guideline § 1B1.10.

All three criteria are met here.  The first criterion is met, as explained at length above.  (*See* Section I, *supra*.)  The second criterion is satisfied because Mr. Gayle's Guidelines range was lowered due to Amendment 750, which is listed in Guideline § 1B1.10(c).  Finally, the third criterion is satisfied because the proposed reduction is consistent with the remaining relevant sections of the policy statement.  (*See* Section II.B, *infra*.)

11

B.     **The Reduction Will Satisfy the Requirements of Guideline §1B1.10(b)[8]**

Pursuant to Guideline § 1B1.10(b)(1), the following analysis must be undertaken "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted":

> [T]he court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1) (2012). In accordance with this provision, the Court shall determine that the Guidelines range of 84-105 months would have applied to Mr. Gayle had Amendment 750 (which is listed in Guideline § 1B.10(c)) been in effect at the time of Mr. Gayle's sentencing. And, in so doing, the Court will substitute Amendment 750 for Guideline § 5G1.1(b), the Guideline provision that the Court had applied when it previously sentenced Mr. Gayle. Plainly, the policy statements in Guideline § 1B1.10 provide no basis for the Court to reconsider its Order.

Accordingly, because (1) Mr. Gayle was sentenced to a term of imprisonment based on a sentencing range that was subsequently abrogated, and the Sentencing Commission later lowered the applicable sentencing range pursuant to 28 U.S.C. § 994(o); and (2) the Sentencing Commission's reduction is consistent with "applicable policy statements" set forth in Guideline § 1B1.10, the Court is entitled to modify Mr. Gayle's term of imprisonment pursuant to Section 3582(c)(2).

---

[8] Guideline § 1B.10(b)(2) is not discussed herein because it presents issues that are either irrelevant to Mr. Gayle's sentencing or undisputed by the parties.

12

**CONCLUSION**

For the foregoing reasons, Mr. Gayle requests that the Court deny the Government's motion to reconsider the April 29 Order.[9] Mr. Gayle further requests that the Court proceed in modifying his current, incorrect sentence in a manner consistent with *Dorsey*.

Dated:  New York, New York
        May 23, 2013

                                        Respectfully Submitted,

                                        FRIEDMAN KAPLAN SEILER &
                                          ADELMAN LLP



                                        _____/s/ Mary E. Mulligan_____
                                        Mary E. Mulligan
                                        Alexander D. Levi
                                        Emily L. Chang
                                        7 Times Square
                                        New York, New York  10036-6516
                                        (212) 833-1100

                                        *Attorneys for Defendant Naquan Gayle*

---

[9] In the event that the Court concludes that it lacks jurisdiction to correct Mr. Gayle's sentence pursuant to 18 U.S.C. § 3582(c)(2), the Court has power pursuant to 28 U.S.C. § 2255 to vacate and modify Mr. Gayle's sentence for the reasons stated in Mr. Gayle's moving brief.